Mr. Justice Clayton
delivered the opinion of the court.
This is a contest for the rights of administration upon the estate of Nicholas O’Reilly, deceased. Bowman claimed the right to administer, by virtue of his guardianship of the children of one of the brothers of the decedent, and who are distributees of the estate.
Langan and wife claim, bécause they are guardians of three of five children left by another brother, also distributees of the estate, and because the wife was formerly the widow of first last mentioned brother, and because they are also creditors of the estate. The court below granted the administration to Bowman.
It seems to'be settled that the party entitled to the estate is entitled to the administration, and that where there are several distributees, the one entitled to the largest share in the estate is entitled to the administration. It is also settled that the same rule prevails, where the parties claim the right to administer in a representative character. Thus, where four grandchildren were entitled to an estate, one of whom was of age, and the other three were represented by their mother as their guardian, it was determined that she was entitled to the preference, because of the preponderance of the interest which she represented. 1 Williams’ Ex. 281; 1 Lomax, Ex. 142.
Bowman was the guardian of all the children of one of the brothers, Langan and wife were guardians of only three out of the five children of the other brother; Bowman therefore represented the larger interest.
The fact that Langan was a relation of the decedent makes no difference, because the relationship was so remote that it gave him no interest in the distribution. A party is entitled to preference in the grant of administration, only in proportion to his interest in the distribution. Neither does the circumstance *718 that they are creditors, add any strength to their claim. According to some authorities, it is rather adverse to, than in favor of their pretension. 1 Lomax, Ex. 139. Creditors are by the statute postponed, in the grant of administration, ,to the next of kin.
We see no reason to disturb the action of the court below, and direct its order to be affirmed.