STEPHEN COCKE *vs.* JAMES FINLEY, Judge of the Probate Court of Rankin County.

In order to justify the probate court of any particular county in granting administration of the estate of any deceased person, it must appear either that the deceased at the time of his death had a mansion-house, or known place of residence there, or otherwise, that his estate or the greater part of it, is in that county. Hutch. Code, 655, § 54.

Before a sheriff can be compelled (Hutch. Code, 680) to take upon himself the duties and uncertain responsibilities of an administrator, it should be shown to the court that there are assets, property, rights, or credits belonging to the deceased within that county, or in some other county of the State; and the party making the application, if he claims to be a creditor, must set forth his claim free from legal objections, and as a valid existing debt against the deceased.

ON appeal from the probate court of Rankin county; Hon. James Finley, judge of the probate court of Rankin county.

The opinion of the court contains a statement of the facts of the case.

*Cocke* and *Evans*, for appellant.

William H. Shelton departed this life in the said county, some ten years ago, intestate, leaving no will or executor; that no administrator has been appointed of his estate, and petitioner believes no person will take out letters of administration.

The petition states that petitioner is interested in a debt due from said intestate's estate, and prays for an order that Henry J. Rives, sheriff of said county, take possession of said estate, and administer the same according to law.

On the part of the appellant, it is submitted, that the petition fully complies with the requirements of the statute, and that said order ought to have been allowed. See Hutch. Code, art. 19, § 1, 2, p. 680.

But the probate court allowed Elizabeth A. Shelton, the widow of the deceased, to appear and demur, and on that de-

murrer sustained the same and dismissed the petition. This was assuredly erroneous. The pretence for this is,

1. That the petition does not make out such a case as the court can grant the relief prayed.

2. Does not show that the deceased died possessed of any property.

3. And that according to the petition, the petitioner's claim must be presumed to be barred by limitation.

For the appellant we say that the probate could and ought to have granted the relief prayed for. The petitioner brought himself within the direct terms of the statute, and the statute in terms makes it the duty of the court of probate of the county to order the sheriff in such a case to take possession of the estate and administer it. Hutch. Code, 680, § 1.

But it is said the deceased had no estate to administer. The presumption of the law is to the contrary, and besides, the petition presupposes an estate.

As to the statute of limitation. It is true the petition shows that the deceased had departed this life some ten years previously.

But at the time of his death, the claim might not have been due. It might have been a judgment, or if due, it might not have been then barred. And the law is well settled, that during the time there was no party to sue or to be proceeded against; the statute interposes no bar or other limitation.

We do not conceive any good ground for the probate court to have refused the appointment prayed for. The statute made it the duty of that tribunal to have made the appointment, and it ought to have been obeyed.

We therefore contend, that this court will reverse the opinion of the court below, remand the case, and instruct it that the appointment be made as prayed.

*W. C. Harper*, for appellee.

This was an application by Stephen Cocke to the probate court of Rankin county, to have the estate of William A. Shelton committed to the sheriff of Rankin county, under the provisions of the act of 1846. Hutch. Code, 680. The widow

Cocke *v.* Finley.

of deceased was cited and demurred to the petition, and the court on argument of demurrer dismissed the petition, and from this petitioner appealed.

The decision of the court below was correct. The appearance of Mrs. Shelton was not objected to, and under the statute she had a prior right to administer, if any administration should have been granted. But the petition does not make out a proper case for the grant of administration, its only allegations being that W. H. Shelton died intestate, and left a debt, (of what age or character is not shown,) in which Cocke is interested. The material allegations to give jurisdiction to the probate court of Rankin are wholly omitted, and the petition may be true as admitted by the demurrer, and yet the jurisdiction to grant administration would pertain under the statute to the probate court of Hinds, or any other county in the State. It does not allege that no other person will administer, or that there is any estate in Rankin, or any other county on which to administer. To give jurisdiction to the probate court of Rankin county, it was indispensable to show,

1. That William H. Shelton had a mansion or known place of residence in the county; or,

2. That he died in the county; or,

3. That he had an estate to be administered in the county.

4. That Cocke, as a creditor, had a valid subsisting debt against his estate, and that Shelton left property liable to its payment, over and above the exemptions to his widow and family. See North on Probates, p. 106, § 1; Chilton, p. 235.

The presumption arising from the lapse of time since the death of decedent, (about ten years as alleged in the petition,) is almost conclusive proof that decedent left no estate to be administered on, and there was no subject-matter to give jurisdiction to the court to grant administration. Certainly the onerous duties of administrator will not be forced on a public officer, and he subjected to the payment of the cost and expense of litigation, without giving him possession of assets to indemnify him against expense, and compensate him for his trouble and liability. He is at least liable to suit by any creditor, and to harassing litigation, unless he would enforce rights

which exist only in the fancy or imagination of those who would choose to disturb the long stillness of the last ten years, to resurrect the defunct estate of W. H. Shelton. He would really be tied up as a mark to be shot at, without the possibility of escape. But petitioner has not shown any valid debt against decedent's estate (if he left any, which may be set down as at least very doubtful). An administrator is bound to plead the statute of limitations, and commits a *devastavit* if he fails to do so. By the act of limitations of 1844, the longest period of limitations is seven years on any debt, bonds and judgments not excepted. Hutch. Code, 829. And this petition was filed in 1854. No administration would be granted at the suit of a creditor, whose claim was barred by limitation; and after the extraordinary lapse of time in this case, it is certainly incumbent on the applicant to make out a case showing affirmatively that the probate court of Rankin county, whose aid he sought, had jurisdiction of the cause and the subject-matter, and he, the petitioner, a valid claim on which to base his right to call for a grant of administration. Had a grant of administration been made on this petition, without objection by any one, this court would have presumed that it was for sufficient reasons shown on the application; but as the petition was dismissed, no such presumption arises, and the unaided allegations of the petition, as admitted by the demurrer, must show whether or not the court had jurisdiction.

It is not alleged either, that Shelton had a residence in Rankin county, or that he died there, or that he had any estate in the county, and as the petition was dismissed by the court, there can be no inference in favor of its jurisdiction to grant the prayer of the petitioner. The widow of decedent was entitled to administration, notwithstanding the lapse of time, in preference of any other applicant, and her appearance as defendant was not objected to by petitioner. *Pendleton* v. *Pendleton*, 6 S. & M. 448. And in view of the facts, it is submitted that the decision of the court below was correct and should be affirmed.

Mr. Justice HANDY delivered the opinion of the court.

Cocke *v.* Finley.

This was a petition filed by the appellant in the probate court of Rankin county, praying that the sheriff of that county might be ordered to take possession of and administer the estate of William H. Shelton, deceased, under the provisions of the act of 5th March, 1846.   Hutch. Dig. 680.

The petition alleges, " that William H. Shelton, late of said county of Rankin, departed this life intestate," some ten years ago, leaving no last will and testament, and having appointed no executor ; that no administrator has been appointed, and that no person will take letters of administration on the estate, and that the petitioner " is interested in a debt due from said intestate's estate."

The widow of the deceased, having been cited to answer the petition, demurred to it, and the demurrer was sustained, and this appeal was thereupon taken.

In order to justify the probate court of any particular county in granting administration of the estate of any deceased person, it must appear either that the deceased, at the time of his death, had a mansion-house or known place of residence there, or otherwise that his estate, or the greater part of it, is in that county.   Hutch. Dig. 655, § 54.   This is the rule generally applicable to estates, and we think that good policy requires that it should be applied with strictness to applications like the present.

The effect of the statute upon which the petition is founded is to compel a sheriff to take upon himself the duties and uncertain responsibilities of an administrator.   Before such a coercive measure should be taken, it would be but just to require that the necessity of it should be made clearly to appear to the court.   It should be shown that there are assets, property, rights, or credits belonging to the deceased within that county, or in some other county of the State.   For otherwise, the sheriff might be compelled to incur all the expense incident to the steps required by law to be taken by him, when there might really be no assets, rights, or credits requiring an administration, the consequence of which would be that the expense would fall upon him.   For this reason, we think that the act of 1846 contemplates that there shall be shown to be assets, prop-

erty, rights, or credits, to be administered before this onerous duty will be cast upon the sheriff.

It should further be shown, that the legal rights of the party making the application, require that the estate should be administered. He must show that he is a creditor, or otherwise legally interested in the estate. For unless this be made to appear, it would be folly to force upon a sheriff the administration of an estate for the benefit of a party who had no right in law against the estate. Therefore, when there has been such a lapse of time since the death of the deceased, as in this case, it was incumbent on the petitioner to show that his claim was a valid debt against the deceased, and not barred by the statute of limitations; for otherwise the court will be justified in presuming that the claim is barred by the statute, and should refuse to grant administration on account of it, when it would, upon the petitioner's showing, be useless.

Considering the onerous operation of the statute under which this proceeding was taken, we are of opinion, that before such a burden be cast upon a sheriff, it is incumbent on the party making the application, to make it appear to the court, that there are rights, property, or effects of the deceased, subject to administration; and if he claim to be a creditor, to set forth his claim free from legal objection, and as a valid existing debt against the deceased. No prejudice will accrue to a creditor by this construction, because if he is a legal creditor of the estate, he has the right to take the administration upon himself.

The petition in this case does not come up to these requisites, and we think it was properly disallowed.

The judgment is affirmed.