KEVEY *v.* JOHNSON.

(Division B. Oct. 30, 1933.)

[150 So. 532. No. 30777.]

Albert M. Bonelli, of Vicksburg, for appellant.

**Henry & Lawrence**, of Vicksburg, for appellee.

Argued orally by **A. M. Bonelli**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Three days after the death of the intestate, her sister, appellant here, applied for, and was granted, letters of administration on the estate. The administration was conducted in the manner provided by law, and in due time was brought to a conclusion by a final account and final decree. In the final decree the court allowed a solicitor's fee, which the administratrix was directed to pay, and also the costs. There not being any remaining personal property to pay the administration expenses aforesaid, appellant sought to have same fixed as a charge upon the real property of appellee, inherited by him as the husband of decedent and as her sole heir.

In reply to that demand, appellee, the husband, contended that the appointment of appellant was void for two reasons: First, because the appointment of appellant, the sister, was made within the thirty days, during which period the statute, section 1629, Code 1930, gave preference to appellee, the husband, in respect to the appointment as administrator; and, second, because the administration was wholly unnecessary.

As to the second contention, it is enough to say that the issue of necessity could be raised only in the administration proceeding, and not collaterally after that proceeding has been carried forward to a final report and a final decree thereon, as is the case here. And, on the first contention, the answer must be that the statute, in giving preference to the husband, created a privilege in his favor which would be lost as a statutory right by his failure to apply for the letters within the thirty-day period. Muirhead v. Muirhead, 6 Smedes & M. 451, 454. The appointment of another within the stated period is not void, but the appointee is subject to removal, upon

the husband's application within the thirty days, provided, of course, the husband is a fit person for the appointment. See Giglio v. Woollard, 126 Miss. 6, 15, 88 So. 401, 14 A. L. R. 616; Ames v. Williams, 72 Miss. 760, 17 So. 762; 11 R. C. L., p. 86; 23 C. J., p. 1033; Fridley v. Farmers' & Mechanics' Sav. Bank (Re Price), 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544.

It is not necessary for us to express any opinion as to what would be the rights, if any, of the husband in an application by him for appointment after the elapse of thirty days, another person having been theretofore appointed, for in this case the husband failed not only to apply within the thirty days, but in fact he did not seek to be substituted as administrator after the thirty-day period. He raised no question about the administration proceeding until after it had been concluded by a final report and a final decree thereon. Moreover, he denied at the time that the decedent was his wife, and did not take an attitude to the contrary of that denial until the administration was concluded, and until he found it necessary in order to establish his title to the real estate that he should be declared to be the husband, whereupon he took the position that he was the common-law husband of the decedent and succeeded in proving that fact.

There was no invalidity in the administration proceedings, and we do not think the chancellor intended to so hold. We think what he was endeavoring to do was to adjust the equities between these parties on account of the previous replevin litigation between them, and particularly in regard to the bearing which that litigation may have had in the matter of the allowance of the solicitor's fee in the final administration decree. However, the chancellor did not so state in an opinion or in his decree in the case now at hand, and we are left to apply only what we find in the remainder of the record. So doing we direct that the chancellor will credit the administratrix with the administration attorney's fees, plus the other court costs of the administration, plus the sixty dollars' probated claim paid by the administratrix, and

from this aggregate deduct seventy-five dollars for the piano which the administratrix received from the estate, and decree the balance as a charge upon the said land of appellee. The costs of this appeal and of this case in the trial court are directed to be divided equally between the parties.

Reversed and remanded, with directions.