STRIBLING *v.* WASHINGTON.

In Banc. Dec. 13, 1948.

(37 So. (2d) 759)

H. T. Carter, for appellant.

D. A. Burgin, and Wm. G. Burgin, Jr., for appellee.

534

**Smith, J.**

There is only one question in this case which we regard as entitled to discussion, and that is, does the mere lapse of thirty days from the death of an intestate inexorably debar the surving spouse from priority right to letters of administration upon the estate, such spouse failing to apply within such period? Here, it involves the widow of the intestate.

The litigation was had in the Chancery Court of Lowndes County. A colored man by the name of Washington departed this life intestate, being survived by three children of his first marriage—his consort therein having predeceased him—and by his second wife, whose union to him was by virtue of a common-law marriage. Much evidence, pro and con, as to the validity of the common-law marriage was heard by the Chancellor, who correctly decided it to be a valid marriage.

Shortly after the death of her father, and within the thirty-day period, one of the daughters of the decedent filed a petition in the Chancery Court, praying that ap-

pellant, a member of the white race, be granted letters of administration upon his estate. This petition contained this misleading averment: "That such deceased left surviving him Emma Washington Cunningham, daughter, an adult, Willie Mae Washington, aged 19 years, and George Washington, Jr., a minor, his children, as his heirs." It will be noted that all information as to the wife and widow was withheld from the Chancellor, although it is manifest from the evidence that the petitioner knew her, and of her. There is no intimation that Mrs. Stribling did, however. Letters were issued, Mrs. Stribling qualified, and published notice to creditors.

The widow knew absolutely nothing about these proceedings until she observed the notice to creditors in a newspaper, more than thirty days after the death of her husband. She had not known that administration was necessary, and here it may be said that such necessity appears to be very doubtful. She at once obtained an attorney, filed a motion to set aside the appointment of Mrs. Stribling as administratrix, and prayed that letters of administratrix thereupon be issued to her, as the widow of her intestate husband, by virtue of her prior right under the statute. The Chancellor granted her prayer, and entered decree accordingly. Mrs. Stribling having contested the matter, and feeling aggrieved by the adverse decision, appealed.

The pertinent part of the statute involved here is as follows: "And the court shall grant letters of administration to the relative who may apply, preferring first the husband or wife and then such others as may be next entitled to distribution, if not disqualified, selecting amongst those who may stand in equal right the person or persons best calculated to manage the estate; or the court may select a stranger, or a trust company organized under the laws of this state, or a national bank doing business in this state, if the kindred be incompetent. And if such person do not apply for administration within thirty days from the death of an intestate the court may

grant administration to a creditor or to any other suitable person." Section 525, Code 1942. In this connection, we have proclaimed the care of the law for creditors of a decedent by declaring they have the first claim against the estate, and it is the paramount duty of the administrator to protect their interests. Stone et al. v. Townsend, 190 Miss. 547, 549, 1 So. (2d) 237.

 Obviously, the provision of the statute, "and if such person do not apply for administration within thirty days from the death of an intestate the court may grant administration to a creditor or to any other suitable person," is primarily for the benefit of creditors. It seems to be the policy of the law that recalcitrant heirs will not be permitted to hamper creditors to the predjudice of creditors' rights against an estate by failure promptly to institute administration thereof. This view is supported by Section 533, Code of 1942, with direction to the county administrator to take over the administration if no application for letters testamentary or administration has been made within sixty days of the death of the decedent. Also, by Section 535, Code of 1942, which provides for the appointment of a county sheriff as administrator in certain cases where there was failure of a petition for letters before appointment of that official by the clerk.

So, it may be seen that the period of thirty days applies, generally, only secondarily for the benefit of persons inferior in priority to the right to administer, although failure of the surviving husband or wife, as the case may be, to qualify as administrators within the thirty-day period, of course, would open the door for those of subsequent degree of eligibility, as fixed by the statute, subject to revocation, in proper cases.

In addition, here the original petition by the daughter, as to whom the widow had prior right to administer her husband's estate, withholds from the Chancellor all information as to the widow, and positively stated that the decedent was survived by three children, when, in

truth, he was also survived by the widow. The widow knew nothing at all of these proceedings, as stated. She did not know an administration was necessary; and, while it may not always be said that such lack of information as to the necessity of administration will prevent loss of priority, still in logic and reason the chancellor should, and, as we believe, does have discretion in the matter to determine the question according to the circumstances of each individual case. The exercise of such discretion would be final, barring abuse thereof.

We deem the action of the chancellor in the case at bar to have been the exercise of a sound discretion, and was proper under the conditions in the record before us. Appointment and revocation, within the limits of the law, are both held to be in the discretion of the Court by the South Carolina Court. Thompson v. Hucket, 2 Hill's Law S. C., 347. However, without here measuring how far the discretion of the Chancellor extends in either category, we are of the opinion that he has a large measure of discretion, within limitations. For instance, we have held that the right of the husband, wife or distributees, is a legal one, unless incompetent. And, as regards others, the matter is within the sound discretion of the court. Byrd v. Gibson, 1 How. 568. The language of the statute itself reposes substantial discretionary powers in the Chancellor. In this State, the nearest approach to adjudication on this subject is the case of Kevey v. Johnson, 167 Miss. 775, 150 So. 532. In that case we held that the statutory right might be lost by a spouse who failed to apply for letters within the thirty days, but there the husband did apply within thirty days. However, the Court did not pass upon the matter of the Chancellor's discretion after the lapse of thirty days, the Court saying: "It is not necessary for us to express any opinion as to what would be the rights, if any, of the husband in an application by him for appointment after the elapse of 30 days, another person having been theretofore appointed, . . ."

We, therefore, pass upon that matter in this case in consideration of the circumstances of it, and affirm the decree of the chancery court in removing the appellant and directing letters of administration issue to appellee as widow of the deceased, George Washington, Sr.

Affirmed.