WELLS *v.* BOATNER.

Dec. 20, 1952

No. 38578 13 Adv. S. 9 61 So. 2d 662

*Smith & Jones,* for appellant.

*J. J. Fraiser, Jr.,* and *Levingston & Bizzell,* for appellee.

HALL, J.

This is an appeal by the administratrix of the estate of Clifford Wells, deceased. The cause arose upon a petition by appellee for a decree removing appellant as such administratrix, and to declare appellee to be the sole heir of deceased. The basis of the petition is the allegation that the administratrix had been convicted of the murder of Clifford Wells, her husband, and was for that reason not to be considered as his lawful heir, and

was not a suitable and fit person to serve as administratrix.

The record contains only the petition and the decree. The latter recites a finding of the conviction alleged, and that appellant be removed as administratrix. The clerk of the court was thereupon appointed as administratrix de bonis non. All questions upon the issue of heirship were specifically reserved.

It is argued that there was an insufficient hearing and that the decision and decree were not based upon full testimony. This contention is sought to be supported by matters and allegations which do not appear of record. However, the decree recites proper notice and the presence of the parties at a hearing set by agreement and that "The court having heard argument of counsel for Rosa Wells Boatner and said Nancy Wells and being advised in the premises, it is therefore ordered, adjudged and decreed as follows:" followed by the findings above recited.

 The judgment of a probate court in a contest between two parties for the administration of a decedent's estate, rejecting the claim of the one who has the legal preference thereto, will be presumed correct, if the evidence on which the court acted is not contained in the record. Lee v. Bennett, 31 Miss. 119. See also Wilson v. Wilson, 60 So. 2d 653 (Miss.)

 It is argued that a certified copy of the judgment of conviction, not appealed from, should not have been considered by the court as not being res judicata of her guilt. However, it was part of the circumstances properly to be considered by the court upon the issue of her suitability and fitness to serve as administratrix.

 The appellee argues that, regardless of the considerations mentioned, the order was interlocutory, and was not appealable. Although there is no motion to dismiss the appeal on this ground, we may consider all appeals ex mero motu, in order to test our jurisdiction.

██ We hold that the appeal was, upon the issue decided, not interlocutory but final. It is immaterial that other matters were included in the petition, as to which decision was reserved. Yet the status of an administrator is an issue distinct from other matters and it is not necessary that an appeal from an order withdrawing letters of administration await the final determination of the estate. To hold otherwise would defeat the claim of a petitioner by permitting the incumbent to serve throughout the entire administration. Such appeal was entertained, but without comment in Miller v. Keither, 26 Miss. 166, and Stribling v. Washington, 204 Miss. 529, 37 So. 2d 759. It is impliedly sanctioned by Code 1942, Section 520. See also Conner v. Polk, 161 Miss. 24, 133 So. 604.

The decree will be affirmed and remanded for the hearing of such other issues as may be presented for hearing in the estate.

Affirmed and remanded.

*McGehee, C. J.,* and *Alexander, Holmes and Arrington, JJ.,* concur.