STARGELL, et al. *v.* WHITE, et al.

No. 40936 December 8, 1958 107 So. 2d 125

*Neill, Clark & Townsend,* Indianola, for appellants.

*Hedgepeth, Ewing & Hedgepeth,* Jackson; *Allen & Allen,* Indianola, for appellees.

HALL, J.

On December 31, 1955, Walter W. White was killed in an automobile accident at Gainesville in the State of Georgia. At that time he was a resident of Sunflower County, Mississippi, and died: intestate leaving as his sole heirs at law his widow Mrs. Maude L. White and a

son Walter W. White, Jr., both adults. The widow was duly appointed administratrix of the Estate of said deceased on January 7, 1956, and letters of administration were issued to her on that date. She proceeded to administer the estate and to file a final account on January 2, 1957, and on February 4, 1957, the court entered an order approving the final account and discharging the administratrix and the sureties on her bond.

At the time of the automobile collision and the death of Mr. White, Section 68-801, Code of Georgia Annotated, provided that in any automobile accident in which a non-resident of Georgia was involved, the use of the highways of Georgia by such non-resident, automatically appointed the Secretary of State of Georgia, or his successor in office, as the true and lawful attorney in fact of such nonresident motorist upon whom process might be served in any suit against him growing out of the accident. There was no provision in the Georgia statute for the service of process upon a nonresident administrator of such nonresident motorist.

Long after the accident in question there was passed by the Legislature of Georgia an act which was approved on March 13, 1957, providing for service of process upon any nonresident administrator, executor or guardian or personal representative of the deceased nonresident motorist in all actions growing out of the use of the highways of Georgia by such deceased.

On January 13, 1958, Mrs. Iva Stargell, John H. Oakes and Mrs. Betty Wiles Johnson, all adult resident citizens of Georgia, filed a petition in the Chancery Court of Sunflower County, Mississippi, asking for the reopening of the estate and the appointment of an administrator *de bonis non*, evidently with the idea that if a new administrator was appointed at that late date they could file a suit in Georgia against such administrator and obtain service of process under the aforesaid 1957 Act. In fact the petition for appointment of the administrator

*de bonis non* alleged that on August 10, 1957, they had each filed suits in the State of Georgia for damages growing out of the collision in which Mr. White lost his life, it being alleged in said suit that John H. Oakes and Mrs. Iva Stargell, who was riding with him, sustained personal injuries and that the vehicle in which they were riding was the property of Mrs. Betty Wiles Johnson, and her suit was for the recovery of property damage.

The petition for the appointment of an administrator *de bonis non* was filed exparte by the said Mrs. Iva Stargell, John H. Oakes and Mrs. Betty Wiles Johnson without notice to Mrs. Maude L. White, who had already concluded the administration of the estate, and upon the filing of such petition a decree was entered on the same date appointing E. W. Williams, Sheriff of Sunflower County, as administrator *de bonis non* of the Estate of Walter W. White, deceased. Upon learning of this proceeding the attorney who had represented Mrs. White in the administration, appearing especially for her and also appearing as a friend of the court, filed a motion to set aside the appointment of the sheriff as administrator *de bonis non* and upon a hearing thereof the chancellor entered a decree sustaining the motion and allowing an appeal to this Court to settle the principles of law involved.

Section 535 of the Mississippi Code of 1942 provides for the appointment of a sheriff as administrator under certain circumstances, one of which is that some person will not qualify as executor or administrator in this state. The appellants rely upon said Section 535 as their authority for the appointment of the sheriff. A predecessor of Section 535 was adopted effective the first Monday of November 1847 and appears in Hutchinson's Code, Chapter 49, Article 19, and is not substantially different from Section 535. As far back as 1855 there came before this Court the case of Cocke v. Finley, 29 Miss. 127, 131, and in passing upon this statute this Court said:

"The effect of the statute upon which the petition is founded is to compel a sheriff to take upon himself the duties and uncertain responsibilities of an administrator. Before such a coercive measure should be taken, it would be but just to require that the necessity of it should be made clearly to appear to the court. It should be shown that there are assets, property, rights or credits belonging to the deceased within the county, or in some other county of the State. For otherwise, the sheriff might be compelled to incur all the expense incident to the steps required by law to be taken by him, when there might really be no assets, rights, or credits requiring an administration, the consequence of which would be that the expense would fall upon him. For this reason, we think that the act of 1846 contemplates that there shall be shown to be assets, property, rights or credits, to be administered before this onerous duty will be cast upon the sheriff."

 We think it is clearly apparent from a reading of Section 535 that it has no application here and is no authority for the appointment of the sheriff. █ Furthermore it is well settled that the chancellor is vested with discretion in revoking appointments of administrators, and that we will not reverse the chancellor unless his discretion has been abused.

In the case of Stribling v. Washington, 204 Miss. 529, 537, 37 So. 2d 759, this Court said:

"We deem the action of the chancellor in the case at bar to have been the exercise of a sound discretion, and was proper under the conditions in the record before us. Appointment and revocation, within the limits of the law, are both held to be in the discretion of the Court by the South Carolina Court. Thompson v. Hucket, 2 Hill's Law S. C., 347. However, without here measuring how far the discretion of the Chancellor extends in either category, we are of the opinion that he has a large measure of discretion, within limitations. For instance, we have held

that the right of the husband, wife or distributees, is a legal one, unless incompetent. And, as regards others, the matter is within the sound discretion of the court. Byrd v. Gibson, 1 How. 568. The language of the statute itself reposes substantial discretionary powers in the Chancellor. In this State, the nearest approach to adjudication on this subject is the case of Kevey v. Johnson, 167 Miss. 775, 150 So. 532. In that case we held that the statutory right might be lost by a spouse who failed to apply for letters within the thirty days, but there the husband did apply within thirty days. However the court did not pass upon the matter of the Chancellor's discretion after the lapse of thirty days, the Court saying: 'It is not necessary for us to express any opinion as to what would be the rights, if any, of the husband in an application by him for appointment after the elapse of 30 days, another person having been theretofore appointed, . . . ' ''

The only assignment of error in this case is that the lower court erred in revoking the appointment of E. W. Williams, Sheriff, as administrator of this estate, and we think that what we have said is a sufficient answer to the assignment and to the argument of appellants.

▆▆ ▆ In connection with their assignment of error the appellants contend that in filing her final account Mrs. White appeared only as administratrix and signed the final account only as administratrix and did not also sign it individually. In 34 C. J. S., page 1107, Executors and Administrators, Section 905, it is stated that a decree settling a final account of an executor or administrator is conclusive on him and all other persons who are interested in the estate, of whom the court has acquired jurisdiction by due notice or service of citation, or who personally appear, including legatees and distributees. In view of this statement of the law we are of the opinion that it was not necessary for Mrs. White to sign the final account both as administratrix and also individually, and

that there is no merit whatever in this contention of appellants.

The appellants also contend that Walter W. White, Jr., signed the final account and agreed thereto but that his signature was not notarized. The same section of C. J. S. to which we have just referred provides on page 1108 that a decree entered on consent is binding on all parties who consented to the same extent as though made on due notice.

Further on the question as to whether the signature of Walter W. White, Jr., should have been notarized see the second sentence in Section 189 of Griffith's Mississippi Chancery Practice, and also see Section 83 of the same work in sub-topic (2) where it is stated that the pleadings ought to be sworn to by one of the parties thereto. In this case it was duly sworn to by Mrs. White.

The appellants also raise the question that notwithstanding the fact that the notice to creditors was published immediately after the appointment of the administratrix and notwithstanding the fact that a copy of the notice was duly filed with the clerk on January 7, 1956, without the proof of publication, that the whole administration is void or subject to be reopened or was improperly closed because the actual proof of publication is not in the file. Upon this question being raised the attorney for the administratrix immediately obtained a substitute copy of the proof of publication and filed it in the case and we do not think that there is such a defect in this as to justify the lower court in holding that the administratrix was improperly discharged.

Counsel for appellee have filed a very lengthy brief in which they raise numerous questions which it is not necessary for us to here consider, one of which is that the Georgia Act of 1957 was not retrospective so as to include suit brought on an accident occurring in Georgia in 1955 and we pretermit a discussion of this and other points raised by appellees.

From what we have said we are of the opinion that the decree of the lower court should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.