537 So.2d 1337 (1989)
In the Matter of the ESTATE OF Mark Stephan MORELAND, Deceased.
Mittie T. MORELAND
v.
Jane MORELAND.
No. 57977.
Supreme Court of Mississippi.
January 4, 1989.
*1338 Ralph E. Pogue, Aberdeen, Rhett R. Russell, Tupelo, David V. Gillentine, Jackson, for appellant.
Wendell H. Trapp, Jr., Smith, Ross & Trapp, Corinth, Langston & Langston, Duncan Lott, Booneville, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.

MORELAND I
SULLIVAN, Justice, for the Court:
Mittie T. Moreland appeals from an Order of the Chancery Court of Hinds County removing her as Administratrix of the Estate of Mark Moreland, and substituting in her place Jane Moreland, ex-wife of the deceased and the mother of his only surviving minor child.
Mark Moreland departed this life on June 2, 1986, as a result of a helicopter crash in the State of Alabama. At the time of his death he was a resident of Hinds County, Mississippi. Surviving him was the sole heir of his estate, Stefan Nicklous Moreland (hereinafter "Nick"), a minor child. Nick resided with his mother, Jane Moreland, in Lee County, Mississippi, pursuant to a child custody arrangement resulting from the previous divorce of Mark and Jane Moreland. The appellant in this case, Mittie Moreland, is the mother of the decedent, Mark Moreland, and she also resides in Lee County, Mississippi.
On June 11, 1986, Mittie Moreland filed a Petition for Appointment as Administratrix of Mark Moreland's estate. This petition, filed in Hinds County Chancery Court, also asked for Letters of Administration and for authority to bring a wrongful death action on behalf of the estate of Mark Moreland. That same day, a decree was entered by the Hinds County Chancery Court appointing Mittie Moreland as Administratrix of the Estate of Mark Moreland, and authorizing her to sue on behalf of the estate. A proper oath was taken, and Letters of Administration were issued to Mittie Moreland. On that same day, the original wrongful death complaint was filed in Lee County Circuit Court.
On June 12, 1986, a petition was filed by Mittie Moreland in Hinds County Chancery Court seeking the specific authority to file a wrongful death claim on behalf of Mark Moreland's estate, and on behalf of the minor child. On that same day, a decree granting the above requested authority was filed by the Hinds County Chancery Court. On the 12th, Mittie Moreland filed an amended complaint for wrongful death in Lee County Circuit Court. Some time proximate thereto, Jane Moreland received second-hand notice of Mittie's actions, including her appointment as administratrix and her filing of a wrongful death suit in Lee County Circuit Court.
On June 13, 1986, the Lee County Chancery Court granted to Jane Moreland, ex-wife of the deceased, Letters of Guardianship over the Estate of Nick Moreland, sole heir and minor son of the deceased. Also on June 13, Jane Moreland petitioned the Lee County Chancery Court for, and was granted, authority to institute a wrongful death action on behalf of Nick Moreland, minor son of the deceased. Jane Moreland was also granted authority by the Lee County Chancery Court, on proper petition, to hire an attorney on behalf of Nick Moreland, minor son.
On June 17, 1986, Mittie Moreland filed a wrongful death action in the Circuit Court of Jefferson County, Alabama, as Administratrix of Mark Moreland's estate.
On June 20, 1986, Mittie Moreland filed a Motion in Lee County Chancery Court to vacate the order authorizing Jane Moreland to hire an attorney, and to institute a wrongful death action on behalf of the estate of Nick Moreland. This motion was *1339 set for hearing on June 27, 1986, but was stayed indefinitely by order of the Lee County Chancery Court on July 29, 1986.
On June 27, 1986, Mittie Moreland filed a Motion pursuant to Rule 41(a), Miss.R. Civ.P., for voluntary dismissal of her original wrongful death action in Lee County Circuit Court, and the Lee County Circuit Court granted this dismissal without prejudice.
On July 2, 1986, Jane Moreland, as guardian and next friend of Nick Moreland, filed her wrongful death suit in Lee County Circuit Court.
On July 18, 1986, Jane Moreland filed a Petition in Hinds County Chancery Court asking it to set aside its previous decree appointing Mittie Moreland as Administratrix, and its decree authorizing Mittie Moreland to file a wrongful death action. This petition asked the Hinds County Chancery Court to substitute Jane Moreland in said capacity.
On July 31, 1986, Mittie Moreland filed her response in Hinds County Chancery Court to Jane Moreland's petition to have her removed as administratrix.
On August 4, 1986, a hearing was held in Hinds County Chancery Court, Honorable James A. Barnett presiding, on the Petition of Jane Moreland to have Mittie Moreland removed as Administratrix, and have herself substituted in that capacity. On August 5, 1986, the Chancery Court of Hinds County entered an Order invalidating the Letters of Administration previously granted to Mittie Moreland, and also vacated its previous order authorizing Mittie Moreland to file a wrongful death action. The court further ordered that, upon proper application, oath, and bond, Jane Moreland would be appointed Administratrix over the Estate of Mark Moreland.
On August 13, 1986, the Hinds County Chancery Court filed its formal opinion from the above hearing. Therein, the court expressed grave concern over the way the case had been presented to the court thus far. The court realized, however, that the surviving minor son of the deceased, through his duly appointed guardian, was the person entitled to the administration of the estate. Upon realizing that Mittie Moreland was a non-heir of the deceased, and that the surviving minor son would be the sole heir to the estate of the deceased, the court felt that equity required that Mittie Moreland be removed and Jane Moreland be substituted in her place.
On August 14, 1986, the proper application, bond and oath were presented by Jane Moreland, and formal decrees were entered granting her Letters of Administration, authorizing her to hire an attorney on behalf of the minor, and authorizing her to institute a wrongful death action on behalf of the minor. On that same date, Mittie Moreland filed a Motion in Hinds County Chancery Court to vacate and set aside its Order dated August 5, 1986, whereby Mittie's Letters of Administration were revoked and her authority to file a wrongful death suit vacated. Alternatively, Mittie Moreland asked for a new trial pursuant to Rule 59, or for specific findings of facts and conclusions of law pursuant to Rule 52, Miss.R.Civ.P. Finally, Mittie Moreland asked the Hinds County Chancery Court for permission to appeal interlocutorily its Order of August 5, 1986.
On October 27, 1986, a hearing was held on Mittie Moreland's multi-propositional motion. The Chancery Court, Hinds County, affirmed its August 5, 1986, Order removing Mittie Moreland, vacating her authority to institute a wrongful death action, and substituting Jane Moreland in that capacity. On November 7, 1986, a formal order was entered by the Chancery Court of Hinds County.
On November 25, 1986, Mittie Moreland filed her notice of appeal to the Mississippi Supreme Court from the Chancery Court of Hinds County. On this appeal, Mittie Moreland assigns the following errors:
I. The lower court erred in removing an Administratrix preferred by statute and substituting a stranger as Administratrix;
II. The lower court erred by exercising discretion in contradiction to law by removing Appellant Administratrix who applied within the thirty day statutory period and by then substituting Appellee who with *1340 notice of Appellant's appointment applied well after the statutory period had run; and
III. The lower court erred in that its ruling was based upon reasoning inconsistent with statutory and legal treatment of Appellant's rights to maintain and prosecute a wrongful death suit, and therefore, resulted in undue prejudice to such rights.

I.

DID THE CHANCERY COURT, HINDS COUNTY, ERR IN REMOVING MITTIE MORELAND?
It is undisputed that Nick Moreland, a minor, is the sole estate and wrongful death beneficiary in this case. Because of his non-age, Nick is precluded by statute from serving as administrator of his father's estate. Miss. Code Ann., § 91-7-65 (Supp. 1988). The question then is whether Mittie Moreland, the mother of the decedent, or Jane Moreland, the guardian of the sole heir, is entitled to the administration. The Chancery Court, Hinds County, determined that Jane Moreland is the proper person to serve as administratrix "since she represents also or stands for the only person who benefits from" the estate.
Mittie Moreland argues that she is entitled to preference as a relative under the granting statute because of Nick Moreland's disqualification, and that Jane Moreland does not, by virtue of the guardianship, assume Nick's otherwise preferential status under the statute. Second, Mittie argues that Jane Moreland is not legally qualified to act as guardian of Nick's estate because she has failed to post an appropriate bond.

A.

WHO IS ENTITLED TO THE ADMINISTRATION?
In order to resolve this question we must look first to the statute governing the granting of Letters of Administration. That statute, Miss. Code Ann., § 91-7-63 (1972), provides in pertinent part:
The court shall grant letters of administration to the relative who may apply, preferring first the husband or wife and then such others as may be next entitled to distribution if not disqualified, selecting amongst those who may stand in equal right the person or persons best calculated to manage the estate; or the court may select a stranger, a trust company organized under the laws of this state, or of a national bank doing business in this state, if the kindred be incompetent... .
In interpreting the statute, we have consistently stated that the chancellor has a large measure of discretion in both the appointment and revocation of Letters of Administration except in cases made mandatory by the statute. Stargell v. White, 234 Miss. 601, 608, 107 So.2d 125, 127 (1958); Stribling v. Washington, 204 Miss. 529, 537, 37 So.2d 759, 761 (1948). Appointments made mandatory by statute are those involving the husband, wife, or distributees because only those persons have a legal right to be appointed; as regards all others, the appointments lie within the discretion of the chancery court. Stargell, 234 Miss. at 609, 107 So.2d at 127; Stribling, 204 Miss. at 537, 37 So.2d at 761.
Looking at the statute and the parties, we see that Mittie Moreland falls into the group of discretionary appointees. Her argument that she is preferred by statute simply because she is a relative of the deceased ignores the plain language of the statute and our interpretations thereof. Only the husband, wife and those relatives "as may be next entitled to a distribution" are accorded preference in the granting of letters. Miss. Code Ann., § 91-7-63 (1972). In other words, the appointment of non-distributee relatives such as Mittie Moreland lies within the discretion of the chancery court.
On the other hand, Jane Moreland was properly substituted as administratrix because she assumes the statutory preference otherwise given to Nick Moreland, a minor and sole heir of the deceased. At all times relevant hereto, Jane Moreland was acting (and continues to act) as the guardian of the person and estate of Nick Moreland. *1341 According to Langan v. Bowman, 20 Miss. 715, 717 (1849), the settled rule is "that the party entitled to the estate is entitled to the administration," and "the same rule prevails, where the parties claim the right to administer in a representative character." [sic]
In Langan, the decedent died intestate leaving the children of his two brothers as his lawful heirs. Id. at 716. Langan was the guardian of three of the five children of one brother, and Bowman was the guardian of all children of the other brother. Since Bowman represented the larger interest, he was granted Letters of Administration in his "representative character" as guardian. Id. at 717. See also, Richards v. Mills, 31 Miss. 450, 453 (1856) (indicating that the natural and legal guardian of minors entitled to administration is himself entitled to the administration in his representative character).
The critical inquiry here is whether Jane Moreland has a legal right to letters under Section 91-7-63 because of her relationship as guardian of the sole minor heir. Miss. Code Ann., § 91-7-65 (Supp. 1988), states plainly that letters shall not be granted to a minor. That section does not, however, proscribe the granting of letters to the adult representative of a minor. In our opinion, the rule announced in Langan, supra, is sound. Such a rule is consistent with the recognition elsewhere in our law that a guardian is not a mere interloper but, instead, has a duty vested by law to see that the interests of the ward are adequately and fully protected. See Miss. Code Ann., § 93-13-1-219 (1972), as Amended.
Applying the rule of Langan v. Bowman to the present case, it is clear that Jane Moreland is the preferred person under the statute since she "claim[s] the right to administer in a representative character" as guardian of the only person "entitled to the estate." See Langan, 20 Miss. at 717. Stated otherwise, our interpretation of the granting statute based on Langan v. Bowman gives Jane the legal right to appointment, and therefore, the chancellor did not err by removing Mittie Moreland and substituting Jane Moreland.[1]

B.

EFFECT OF FAILURE TO GIVE BOND.
Mittie Moreland's second argument under this assignment is that a decision granting preference to Jane Moreland must be premised upon Jane being the guardian of the Estate of the minor. Continuing, it is argued that Jane Moreland is not legally qualified to act as guardian of Nick's estate because she has not posted the bond required by Miss. Code Ann., § 93-13-17 (Supp. 1988).[2]
This argument is a collateral attack on the Order of the Lee County Chancery Court appointing Jane as guardian of Nick Moreland. The present appeal is from an order of the Hinds County Chancery Court removing Mittie Moreland as administratrix, and it seeks to attack the validity of Jane's appointment as legal guardian in Lee County Chancery Court. It is generally the rule that collateral attacks will be sustained only in cases where a fatal defect, such as lack of jurisdiction, is facially apparent; mere irregularities in the appointment or proceedings are immune from collateral attack. See generally, 39 Am.Jur.2d, Guardian & Ward, § 50 (1968); 39 C.J.S., Guardian & Ward, § 31, § 35 (1976). For the reasons set forth below, it is our opinion that the absence of bond in this case is a curable defect, or mere irregularity, which is immune from collateral attack.
*1342 The statute at issue is Miss. Code Ann., § 93-13-17 (Supp. 1988), which provides that "[e]very guardian, before he shall have authority to act, shall, ... enter into bond, ... in such penalty ... as the court may require ..." This statute was interpreted in Joyce v. Brown, 304 So.2d 634 (Miss. 1974), to mean that "[a] guardian has no authority to act in behalf of a minor unless the guardian has posted the bond required by a decree of the chancellor giving the guardian authority to act." 304 So.2d at 635 (Emphasis added). Therefore, the duty devolves upon the chancery court to require a bond before the authority of a guardian to act without a bond may be questioned. In other words, the condition precedent to the authority of a guardian to act in behalf of a minor (entering of bond) is triggered only when "the posting of any bond [is] required by a chancellor." Id.
Accordingly, the failure of the record in this case to reflect any order of the Lee County Chancery Court requiring Jane Moreland to enter a bond presents a curable defect immune from collateral attack. Jane Moreland must first be given the opportunity to meet any bond required by the Lee County Chancery Court. Only after that court has required bond and Jane Moreland given an opportunity to meet such can Mittie Moreland attack her authority to act on the basis of § 93-13-17, and then only if Jane fails to meet the prescribed bond. This conclusion is consistent with the chancellor's discretion in setting the amount of bond. It would make little sense to hold that his failure to require a bond is a fatal defect while at the same time giving the chancellor discretion as to the amount, which he may set as low as one dollar in appropriate circumstances.
In sum, Mittie Moreland's complaint about the absence of bond is appropriately addressed to the Lee County Chancery Court. We do not here inquire why that court failed to require a bond but hold only that Mittie Moreland may not attack, collaterally or otherwise, Jane Moreland's authority to act as a legal guardian under § 93-13-17 unless and until she is given the opportunity to post the bond "required by decree of the chancellor." See Joyce, 304 So.2d at 635.
Therefore, assignment of error I is without merit.

II.

DID THE CHANCELLOR ERR IN WAIVING THE THIRTY DAY PERIOD IN § 91-7-63?
Jane Moreland filed her petition to be substituted as administratrix 46 days after the death of the intestate. Mittie argues that any right which Jane may have to be appointed administratrix was lost by her failure to petition the court within thirty days after the death of Mark Moreland. Jane argues correctly that Stribling v. Washington, supra, is controlling.
The granting statute provides that if a person listed in § 91-7-63 "does not apply for administration within thirty days from the death of an intestate, the court may grant administration to a creditor or to any other suitable person." In Stribling, Mr. Washington died intestate survived by three children from his first marriage, and his second wife. Within the thirty day period, one of the decedent's daughters petitioned the chancery court, which granted Letters of Administration to her appointee, Mrs. Stribling. The petition stated that the decedent's heirs were his three daughters without mentioning the second wife. More than thirty days after Washington's death, the widow received notice of this appointment and promptly filed her petition to be substituted as administratrix. The lower court granted the prayer, and Mrs. Stribling appealed her removal on the basis of the thirty day period.
Responding to this claim, the court stated:
Obviously, the provision of the statute, "and if such person do not apply for administration within thirty days from the death of an intestate the court may grant administration to a creditor or to any other suitable person," is primarily for the benefit of creditors. It seems to be the policy of the law that recalcitrant heirs will not be permitted to hamper *1343 creditors to the prejudice of creditors' rights against an estate by failure promptly to institute administration thereof... .
So, it may be seen that the period of thirty days applies, generally, only secondarily for the benefit of persons inferior in priority to the right to administer, although failure of the surviving husband or wife, as the case may be, to qualify as administrators within the thirty-day period, of course, would open the door for those of subsequent degree of eligibility, as fixed by the statute, subject to revocation, in proper cases. (Emphasis added).
204 Miss. at 536, 37 So.2d at 760.
The import of Stribling is that the chancery court is given wide discretion in the appointment and revocation of administrators, within the limits of the law. 204 Miss. at 537, 37 So.2d at 761. This includes the discretionary authority to waive compliance with the thirty day period since the chancellor should "determine the question according to the circumstances of each individual case." Id. The major circumstance justifying waiver of the thirty day period in Stribling was the fact that the original petition misled the court into believing that the decedent's three daughters were the only heirs when, in fact, he also left surviving a wife. 204 Miss. at 536-7, 37 So.2d at 760-61.
In the instant case, the chancellor was similarly misled into believing that the decedent left several heirs surviving when, in truth, the minor son was the sole heir. The petition of Mittie Moreland stated generally that the decedent left six "heirs at law" surviving him. Actually, he left only one heir at law, his minor son. The remaining five survivors were merely relatives. The court expressed "grave concern" over the way Mittie Moreland presented her petition, and specifically referred to the manner in which all of the surviving relatives were listed as heirs at law. Admittedly, the court was "lulled" by the petition into thinking that Mittie was a proper heir, and the chancellor candidly stated that he would not have signed the original petition had he "known that the petition was offered on the part of a non-heir of the deceased." A proper petition would have listed the minor son as the sole and only heir.
In addition, we find it significant, as did the chancellor below, that Mittie Moreland petitioned for appointment as administratrix only nine days after the death of the decedent without any notice whatsoever to the child, or the child's guardian.
In our opinion, therefore, the lower court did not abuse its discretion in removing Mittie Moreland as Administratrix and substituting Jane Moreland shortly after expiration of the thirty day period in § 91-7-63, particularly in light of the less than full disclosure made to the chancellor.
Therefore, assignment of error II is rejected.

III.

DID THE LOWER COURT'S REVOCATION OF MITTIE MORELAND'S AUTHORITY TO MAINTAIN THE WRONGFUL DEATH SUIT RESULT IN AN UNDUE PREJUDICE TO HER RIGHTS?
Unfortunately, we divine from this assignment nothing more than an argument about which group of lawyers will prosecute the multi-million dollar wrongful death action and collect, hopefully, on their contingent fee contract. The real issue is which party is the proper one to manage this lawsuit on behalf of the minor son, the sole wrongful death beneficiary. The lower court recognized that the mother and guardian of the sole wrongful death beneficiary should prosecute the wrongful death action, and accordingly, invalidated the previous order granting this same authority to Mittie Moreland. We harbor the same concerns as the chancellor that the interests of Mittie Moreland and her attorneys were moved ahead of the legitimate interest of the minor heir.
Mittie argues that the lower court, by invalidating her authority to maintain the wrongful death suit, greatly prejudiced her rights to maintain the suit. Mittie Moreland *1344 somehow translates the statutory authority of an estate representative to file a wrongful death suit into a vested legal right to prosecute that suit to its end. However, that translation pays obedience to form rather than substance by failing to recognize that the sole statutory beneficiary is the real party in interest.
We recognize that under Mississippi's wrongful death statute, the one who first brings the death action has the right to prosecute and maintain it to its conclusion. See Mississippi Power & Light Co. v. Smith, 169 Miss. 447, 466-67, 153 So. 376, 380 (1934). However, nothing we say here is inconsistent with the first in time, first in right rule.
The wrongful death action at issue is on file in the Circuit Court of Jefferson County, Alabama, and it is therefore, governed by Alabama law. It is clear under Alabama law that the cause of action for wrongful death is not an asset of the decedent's estate. Board of Trustees of University of Alabama v. Harrell, 43 Ala.App. 258, 188 So.2d 555, 557 (1965), cert. denied, 279 Ala. 685, 188 So.2d 558 (1966). While only the personal representative alone may commence the wrongful death action in Alabama, the representative does so as a statutory trustee for the benefit of the designated beneficiaries, who are the real parties in interest. Id. A representative does not act strictly in her capacity as administrator of the estate of her decedent because she is not proceeding to reduce to possession the estate of her decedent; instead, she merely acts as a conduit to commence the action, collect the damages, and pass them over to those entitled thereto. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759, 761 (1965).
Simply, an action for wrongful death in Alabama does not benefit the estate of the deceased, the decedent's estate is not interested in the result, and any damages recovered are not subject to administration. U.S.F. & G. Company v. Birmingham Oxygen Service, Inc., 290 Ala. 149, 274 So.2d 615, 621 (1973); Baggett v. Sellers, 282 Ala. 235, 210 So.2d 796, 799 (1968); Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77, 80 (1954). In the end, the sole beneficiary of the wrongful death action will be the surviving minor son of the decedent. Alabama Code, § 43-8-42 (1982); Blansit v. Cornelius & Rush Coal Co., 380 So.2d 859, 861 (Ala. 1980). No interpretation of the law of wrongful death under the circumstances of this case can confer upon Mittie Moreland an absolute, vested right to maintain the wrongful death action to its end, such that her removal as administratrix would result in undue prejudice. Mittie Moreland simply has no standing to claim any prejudice from the decision of the lower court removing her as administratrix and invalidating her authority to maintain the wrongful death suit because the real party in interest is Nick Moreland.
Furthermore, the wrongful death suit was filed, as required by Alabama law, in her representative capacity as Administratrix of the Estate of Mark Stephan Moreland, deceased. Given that today we ultimately affirm her removal as administratrix, she no longer occupies her representative capacity, and a fortiori, she no longer has the authority conferred by statute to maintain the litigation.
Therefore, assignment of error III is rejected.
In sum, none of the three assignments pressed by Mittie Moreland have merit. While the facts indicate that this certainly was not a typical case, the chancellor reached a sound decision which is supported by law and fact. Therefore, the decision of the lower court is affirmed on all points.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] We note that from the days of Langan v. Bowman, to present, the statute governing the granting of Letters of Administration has, with the exception of some minor and immaterial changes in wording, remained consistent in all material and relevant respects. Cf. Hutchinson's Mississippi Code (1848), Ch. 49, Art. 1(54); Hutchinson's Mississippi Code (1857), Ch. 60, Art. 61.
[2] Under § 93-13-1 Jane, as natural guardian, is charged with the care of Nick's person and estate. Notwithstanding, our practice has been to require that all guardians be legally qualified, thus rendering the bond statute applicable sub judice.