IN RE ESTATE OF SIM BURNSIDE, DECEASED

No. 40000          March 5, 1956          85 So. 2d 817

*A. B. Amis, Jr.,* Newton; *Laurel Weir,* Philadelphia; *Henry Edmonds,* Jackson; *Melvin, Melvin & Melvin,* Laurel, for appellant.

ROBERDS, P. J.

Sim Burnside departed this life December 31, 1952. He left an instrument purporting to be his last will and testament. This instrument was admitted to probate in common form January 3, 1953, and the parties designated therein as executors were duly appointed and qualified as such.

The heirs at law of decedent contested this instrument as a will. The jury found it was not the will of Sim Burnside, and, on appeal to this Court, the cause was affirmed. Mrs. Cheatham v. Burnside, et al, (Miss.) 77 So. 2d 719.

A contest was then had in the chancery court as to who were the heirs at law of Sim Burnside, deceased. That being determined the persons who were found to be such heirs filed a petition in the chancery court requesting that one of their number, one Walter A. Burnside, be appointed administrator of the Sim Burnside Estate. On June 16, 1955, the chancellor, by decree, declined to remove the executors theretofore appointed, as above stated, and, necessarily, declined to appoint Wal-

·ter A. Burnside administrator of said estate. From that decree this appeal is prosecuted.

Appellants say the chancellor should have appointed Walter A. Burnside administrator. All we have before us is the petition for such appointment and the decree declining so to do. The decree recites as a reason for denying the application for appointment of Walter A. Burnside as administrator that an ''appeal has been perfected by complainants in said heirship cause; that the court is of the opinion and that the court still has jurisdiction to control the disposition of said estate; that the executors appointed under the will still have power to control, govern and direct the estate, and do all things necessary for the preservation of the estate, acting under the orders and direction of the court, and that an administrator is not necessary for the estate at this time''.

We take notice of the fact that the foregoing appeal is now on the docket and pending before this Court.

■■ ■ Under the circumstances we cannot put the chancellor in error for his refusal to appoint Walter A. Burnside, the petitioner, administrator of said estate.

■■ ■ In the first place it is not yet determined whether Walter A. Burnside, and those joining in the petition with him, have any interest in the estate of Sim Burnside, deceased. In the second place, the chancellor has large discretion in the selection of the person to be appointed administrator of an estate, except in cases made mandatory by the statute. Section 525, Mississippi Code of 1942; Stribling v. Washington, 204 Miss. 529, 37 So. 2d 759. Petitioner is a collateral heir, if heir at all—no statute makes it mandatory that the chancellor appoint him. ■■ ■ And, in the third place, the appropriate action which should have been taken under the circumstances of this case was the appointment of a suitable person to act as temporary administrator

until the legal heirs of Sim Burnside were finally determined. Chapter 228, General Laws of Miss. 1948. The present petition asked for appointment of a permanent administrator.

Our present holding in this cause on this appeal in no wise precludes the appointment of a temporary administrator by the chancellor pending final determination of the heirs of Sim Burnside, or the appointment of a permanent administrator of his estate after such heirship is determined.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.