MOORE, ADMR., ETC. *v.* ROECKER

No. 41589          November 14, 1960          124 So. 2d 473

*Tighe & Tighe,* Jackson, for appellant.

*E. B. Todd, Crisler, Crisler & Bowling,* Jackson, for appellee.

ARRINGTON, J.

The appellant, William Sebastian Moore, appeals from a decree of the Chancery Court of the First Judicial District of Hinds County removing him as administrator of the estate of Samuel Carter Stirling, deceased, and appointing in his place Mrs. Bettie H. Roecker as administratrix of said estate.

The appellant also appeals from a decree of the court appointing Mrs. Bettie H. Roecker as temporary administratrix of said estate pending the appeal from the first decree.

The record discloses that on February 11, 1956, William Sebastian Moore was appointed guardian of Samuel Carter Stirling; that on January 3, 1959, Samuel Carter Stirling died intestate; that on January 8, 1959, the appellant was appointed administrator of the said estate; that on January 30, 1959, Mrs. Bettie H. Roecker filed her petition for the removal of William Sebastian Moore as administrator and asked that she be appointed as administratrix in his place. Mrs. Roecker set out in her petition that she was the daughter of Samuel Carter Stirling and his sole surviving heir at law. After a hearing on said petition, the Court found that the petitioner, Mrs. Bettie H. Roecker, was the daughter and sole heir of deceased; that her petition was filed within thirty days after the death of deceased; that petitioner was over the age of 21 years and of sound mind; that she had never been convicted of a felony and was a fit, suitable and competent person to be appointed administratrix of said estate; and further found that it was to the best interest of said estate that the existing administra-

tor be removed and petitioner appointed as administratrix in his place, she being the sole heir at law and entitled to inherit the entire estate.

The appellant assigns as error that the appellee was incompetent to administer the estate and also argues that the appointment of the appellee as temporary administratrix was an abuse of the court's discretion. Section 525, Volume 1A Recompiled, Mississippi Code of 1942, provides:

"Letters of administration shall be granted by the chancery court of the county in which the intestate had, at the time of his death, a fixed place of residence; but if the intestate did not have a fixed place of residence, then by the chancery court of the county where the intestate died, or that in which his personal property or some part of it may be. And the court shall grant letters of administration to the relative who may apply, preferring first the husband or wife and then such others as may be next entitled to distribution, if not disqualified, selecting amongst those who may stand in equal right the person or persons best calculated to manage the estate; or the court may select a stranger, or a trust company organized under the laws of this state, or a national bank doing business in this state, if the kindred be incompetent. And if such person do not apply for administration within thirty days from the death of an intestate the court may grant administration to a creditor or to any other suitable person."

The statute above quoted provides that the court shall grant letters of administration to the relative who may apply, preferring first the husband or wife, and then such others as may be next entitled to distribution, if not disqualified. In the case of Byrd v. Gibson, 1 How. 568 (Miss.), the Court held that the right of a husband, wife or distributees is a legal one unless incompetent. In Kevey v. Johnson, 167 Miss. 775, 150 So. 532, this Court held that the statute in giving preference to the

husband or wife created a privilege in his favor which would be lost as a statutory right by his failure to apply for letters within the thirty day period. And the Court further held that the appointment of another within the stated period is not void, but the appointee is subject to removal upon the husband's application within the thirty days, provided, of course, the husband is a fit person for the appointment. See also Stribling v. Washington, 204 Miss. 529, 37 So. 2d 759.

In the case of In Re Estate of Sim Burnside, 227 Miss. 110, 85 So. 2d 817, we held that a chancellor has a large discretion in the selection of the person to be appointed administrator of an estate except in cases made mandatory by the statute.

It is admitted in this case that Mrs. Roecker, appellee, is the sole heir and distributee, and the chancellor, after a hearing, found that she was not disqualified and that she was fully competent to administer the estate. It follows that both decrees of the chancellor are affirmed, and costs of appeal are assessed against appellant individually.

Affirmed.

*Hall, P.J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.