317 So.2d 55 (1975)
In the Matter of the ESTATE OF Henry W. ERWIN, Deceased.
Mrs. Linnie Lee Smith ERWIN and John Whitfield Erwin et al.
v.
Alice Pearl Erwin HODGE.
No. 48180.
Supreme Court of Mississippi.
July 28, 1975.
*56 Zuccaro, Riley, Pintard & Brown, Natchez, Jean D. Muirhead, Jackson, W.B. Duggins, Jr., Vicksburg, for appellant.
Montgomery & Dulaney, Canton, for appellees.
Before GILLESPIE, SMITH and SUGG, JJ.
GILLESPIE, Chief Justice.
This is an appeal from a decree of the Chancery Court of Jefferson County, Mississippi, in a suit to determine the heirs of Henry W. Erwin, deceased. The appeal is prosecuted by John Whitfield Erwin, James Donald Erwin, Hattie Erwin Vines and Gullum Columbus Erwin, children of Henry W. Erwin's third marriage, and Mrs. Linnie Lee Smith Erwin and Michael Linfield Erwin, widow and child respectively of Henry W. Erwin's fifth marriage. The successful parties in the lower court, appellees here, were Alice Marie Newberry Erwin and her daughter, Alice Pearl Erwin Hodge, the first wife and first child respectively of Henry W. Erwin.
The principal issue in this case is whether the first wife and her daughter rebutted the presumption that the subsequent marriages were valid.
Henry W. Erwin married Alice Marie Newberry (first wife) in 1941 in Lincoln County. One child, Alice Pearl Erwin Hodge, was born of this union. On October 16, 1945, Henry W. Erwin was granted a divorce from Alice Marie in Jefferson County. On August 7, 1947, Henry W. Erwin and Alice Marie were remarried.
On September 13, 1947, Henry W. Erwin married Helen Scott in Lincoln County. On August 12, 1958, Helen Scott Erwin obtained a divorce from Henry W. Erwin in Adams County. However, they remarried on September 20, 1958, in Jefferson County. On October 30, 1959, Henry W. Erwin was granted a divorce from Helen Scott Erwin in Jefferson County.
On July 22, 1961, Henry W. Erwin and Linnie Lee Smith were married, and on November 4, 1961, one child was born of this union  Michael Linfield Erwin.
Henry W. Erwin died intestate on December 15, 1971, in Jefferson County, Mississippi, while living with Linnie Lee Smith Erwin.
The evidence established that Henry W. Erwin, deceased, was a lifelong resident of Jefferson County. After the separation of Henry W. Erwin and Alice Marie, his first wife, the latter went to Jackson, Mississippi, began living with John Wesley Brister as his wife, and started using the name Brister, which she continued to do for many years. Thereafter Brister and Alice Marie moved to Vicksburg, in Warren County.
In June, 1951, John Wesley Brister and Alice Marie Brister filed a sworn petition in the Chancery Court of Warren County stating that they were husband and wife and adult resident citizens of the City of Vicksburg, Warren County, Mississippi. The petition sought to adopt John Wesley Hood, a minor who joined in the petition. A decree was entered by the Chancery Court pursuant to this petition granting the decree of adoption.
In an attempt to rebut the presumption of the validity of the subsequent marriages of Henry W. Erwin, certificates were introduced from the chancery clerks of Adams, Hinds, Jefferson, Lincoln and Pike Counties, certifying that no record of a divorce or an annulment had been granted to Henry W. Erwin or Alice Marie Newberry Erwin, between August 7, 1947, the date of the remarriage of Henry W. Erwin and Alice Marie, and December, 1971, the month during which Henry W. Erwin died. There was no certificate or other proof *57 showing whether there had been a divorce in Warren County.
It is a firmly established rule of law that a subsequent marriage raises the presumption that the former marriage has been terminated by divorce or death of the prior spouse. The presumption is based upon public policy. Anderson-Tully Co. v. Wilson, 221 Miss. 656, 74 So.2d 735 (1954). And this presumption is one of the strongest known to the law, and will prevail unless overcome by competent evidence to the contrary. Jeffreys v. Clark, 251 Miss. 129, 168 So.2d 662 (1964).
In Pigford Bros. Construction Co. v. Evans, 225 Miss. 411, 83 So.2d 622 (1955), this Court, in considering the kind of proof necessary to overcome the presumption, stated:
The practical course of proof in such a case would be to show where each party to the prior marriage had resided up to the time of the second marriage, and then to procure from the clerk of the proper court in each county a certificate of search showing that no divorce or annulment had been granted by the court of which he is clerk. 225 Miss. at 421, 83 So.2d at 625.
The deficiency in the proof here results in the failure to introduce a certificate that no divorce had been granted by the Chancery Court of Warren County. Mississippi Code Annotated section 93-5-11 (1972) states where to file a bill for divorce. That statute states in part:
If the defendant be a resident of this state, the bill shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of the separation, if the complainant be still a resident of such county when the suit is instituted.
Henry W. Erwin could not properly have been sued in Warren County even if he had been found in that county at the time of the filing of the bill by Alice Marie because the term "or may be found at the time" applies either to a nonresident of this state or to a citizen of this state who has no actual domicile or fixed place of residence. Ross v. Ross, 208 So.2d 194 (Miss. 1968).
The proof in this case shows that Henry W. Erwin was a lifelong resident of Jefferson County. Under the terms of this statute a bill for divorce could have been filed by either Henry W. Erwin or Alice Marie in Jefferson County, where the separation took place, or by Henry W. Erwin in Warren County where Alice Marie was domiciled. Therefore, we hold the presumption  that Henry W. Erwin's marriage to Helen Scott was valid and that his marriage to Alice Marie Newberry Erwin had been dissolved by divorce  has not been rebutted. This is in accord with the proof and is in accord with the public policy underlying the presumption. It follows that all of the subsequent marriages of Henry W. Erwin were valid and the issues of those marriages are legitimate, legal heirs of Henry W. Erwin.
Alice Marie Newberry Erwin is not an heir of Henry W. Erwin, deceased, for two separate and distinct reasons. In the first place, the presumption of divorce has not been rebutted; secondly, she is estopped to claim as his widow and heir because of her common-law marriage to John Wesley Brister[1] and her sworn statement, in the adoption proceeding, that she was the wife of John Wesley Brister. Minor v. Higdon, 215 Miss. 513, 61 So.2d 350 (1952). The contention on the part of Alice Marie Newberry Erwin that there must be a ceremonial marriage before such estoppel arises is not tenable in this case. The fact that she lived with John Wesley Brister over a long period of time and held *58 herself out as his wife, together with her solemn sworn petition in the Chancery Court of Warren County in the adoption proceedings is the equivalent of a ceremonial marriage.
We hold that the heirs at law of Henry W. Erwin, deceased, are his children: Alice Pearl Erwin Hodge, daughter of the first marriage; John Whitfield Erwin, James Donald Erwin, Gullum Columbus Erwin, and Hattie Erwin Vines, children of the third marriage; and Linnie Lee Smith Erwin and Michael Linfield Erwin, widow and child respectively of Henry W. Erwin's fifth marriage.
The decree of the trial court is reversed and judgment entered here in accordance with this opinion.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] Common-law marriages were valid until 1956. Miss. Code Ann. § 93-1-15 (1972).