**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-60436

_____


ANNIE LEE BROWN,

Plaintiff-Appellant,

VERSUS


KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

January 6, 1999

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Annie Lee Brown was denied widow's Social Security benefits administratively and this denial was affirmed by the district court. The Commissioner denied benefits based on a determination that, under Mississippi law, Annie Lee Brown was never legally married to Amos Brown because Amos Brown had been previously married to Curly Mae Brown and their marriage was never terminated by divorce, annulment, or death.

The issue on appeal is whether the Social Security Administration satisfied the strenuous proof Mississippi requires to establish the invalidity of a second marriage.

Under Mississippi law, a subsequent marriage raises a strong

presumption that the former marriage has been terminated by divorce or death of the previous spouse.  See, e.g., Erwin v. Hodge, 317 So. 2d 55, 57 (Miss. 1975) (presumption is "one of the strongest known to the law").  In order to rebut this strong presumption, a party challenging the validity of a second marriage must "show where each party to the prior marriage had resided up to the time of the second marriage, and then [] procure from the clerk of the proper court in each such county a certificate of search showing that no divorce or annulment had been granted by the court of which he is clerk."  Pigford Bros. Construction Co. v. Evans, 83 So. 2d 622, 625 (Miss. 1955); see also Smith v. Weir, 387 So. 2d 761, 764 (Miss. 1980); Erwin, 317 So. 2d at 57.

In the administrative hearing, the Social Security Administration did not present records from all the counties in which Amos and Curly Mae Brown lived subsequent to their marriage and prior to the marriage of Amos and Annie Lee Brown. Specifically, they did not present records from Cook County, Illinois and LeFlore County, Mississippi.  Therefore, under Mississippi law, the presumption in favor of the second marriage was not rebutted.  The district court therefore erred in affirming the Commissioner's determination that Annie Lee Brown's marriage to Amos Brown was a nullity.

The judgment of the district court is reversed and the case is remanded to the Commissioner with directions to recognize Appellant Annie Lee Brown as the surviving widow of Amos Brown and to pay benefits accordingly.

REVERSED and REMANDED.