# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-01334-SCT

*ESTATE OF CYNTHIA GILKEY WALLACE,*
*DECEASED, BY LOUIS M. WALLACE*

*v.*

*EMAD H. MOHAMED, M.D., BRISTOL-MYERS*
*SQUIBB CO. AND SANOFI-SYNTHELABO, INC.*

## ON WRIT OR CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/23/2008 |
| TRIAL JUDGE: | HON. KENNETH M. BURNS |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | SHIRLEY C. BYERS |
| ATTORNEYS FOR APPELLEES: | DIANE V. PRADAT |
| | L. CARL HAGWOOD |
| NATURE OF THE CASE: | WALTER T. JOHNSON |
| | TRUSTS, AND ESTATES |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS REINSTATED AND AFFIRMED - 02/17/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. After he was sued by a deceased woman's estate, Dr. Emad Mohamed moved to intervene in the estate proceedings, claiming that the estate administrator, Louis Wallace, may not have been legally married to the deceased. The chancellor allowed the intervention, considered the evidence, and removed Wallace as the administrator, replacing him with the

chancery court clerk. The Court of Appeals reversed, holding that Dr. Mohamed did not have standing to intervene, and that, even if he did, the chancellor had erred in removing Wallace as administrator.

**FACTS**

¶2. When Cynthia Gilkey Wallace[1] died, she left two children: J'Bria Iyalla[2] and Christopher Wallace. Louis Wallace, claiming to be Gilkey's husband, opened an estate, was appointed administrator, and filed a wrongful-death suit against Dr. Emad Mohamed and others.

¶3. Dr. Mohamed filed a motion to intervene and to remove Wallace as administrator, claiming Wallace was not legally married to Gilkey at the time of her death. In support of his petition, Dr. Mohamed presented a marriage license issued to Gilkey and Keith Magee; a copy of Gilkey's and Wallace's marriage certificate; Gilkey's Complaint for Divorce from Magee; and a December 17, 1991, chancery court order, dismissing Gilkey's Complaint for Divorce for failure to prosecute.

¶4. Additionally, Dr. Mohamed presented Iyalla's deposition testimony that, although Gilkey did later get a divorce from Magee, it was granted after Gilkey's marriage to Wallace. Iyalla also testified that Gilkey had told Wallace her marriage to Magee had not ended in divorce. Gilkey's mother, Bertha Gilkey, also testified that Gilkey had been married to

---

[1] The Court of Appeals referred to Cynthia Gilkey Wallace as "Cynthia Gilkey," her maiden name. To prevent confusion, we refer to Cynthia as "Gilkey" and Louis as "Wallace."

[2] Although her legal surname is "Iyalla," the estate petition and Court of Appeals referred to Gilkey's daughter as "J'Bria Gilkey." We refer to her as "Iyalla" to avoid confusing her with her mother.

2

Magee, and that Wallace was aware of that fact. Wallace testified that, to his knowledge, when he married Gilkey, she had no marriages prior to theirs.

¶5.     The chancellor granted Dr. Mohamed's motion to intervene and removed Wallace as administrator of Gilkey's estate, replacing him with the chancery court clerk, Lisa Neese.

¶6.     Wallace appeals, raising the following two issues:

1.      Whether Dr. Mohamed—whose only interest in the estate matter was that the estate had sued him—had standing to intervene under Mississippi Rule of Civil Procedure 24.

2.      Whether the chancellor abused his discretion in removing Wallace as administrator.

¶7.     Because we conclude that the chancellor did not abuse his discretion in removing Wallace as administrator, and since Dr. Mohamed's intervention was for the limited purpose of challenging Wallace's suitability as administrator, the intervention issue is moot and we decline to address it.

**ANALYSIS**

¶8.     "[A] chancellor has a large discretion in the selection of the person to be appointed administrator of an estate except in cases made mandatory by the statute."[3] "Appointments made mandatory by statute are those involving the husband, wife, or distributees because only those persons have a legal right to be appointed; as regards all others, the appointments lie within the discretion of the chancery court."[4] Because "the chancery court is given wide

---

[3] *Moore v. Roecker*, 124 So. 2d 473, 474 (1960) (citing *In re Burnside's Estate*, 85 So. 2d 817, 818 (1956)).

[4] *In re Estate of Moreland*, 537 So. 2d 1337, 1340 (Miss. 1989) (citing *Stargell v. White*, 107 So. 2d 125, 127 (1958); *Stribling v. Washington*, 37 So. 2d 759, 761 (1948)). *See also* Miss. Code Ann. § 91-7-63(1) (Rev. 2004)

3

discretion in the appointment *and revocation* of administrators, within the limits of the law,"[5] if Wallace and Gilkey were not legally married, Wallace has no statutory right to administer Gilkey's estate. Moreover, "we do not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous."[6]

¶9.    The Court of Appeals held that the chancellor had abused his discretion by replacing Wallace as administrator because (1) the chancellor did not find that Wallace had committed fraud on the court, (2) the chancellor did not explain why he felt Wallace was not qualified to serve as administrator, and (3) the chancellor did not explain why he seemed to be trying to appoint a "disinterested third party."

¶10.    The Court of Appeals neglected to explain why a finding of fraud is relevant, or why the chancellor was wrong to try to appoint a disinterested third party, assuming that was actually his intention. With regard to Wallace's suitability to serve as administrator, the Court of Appeals impermissibly reweighed the evidence to arrive at an alternative conclusion, directly contradicting the deferential standard of review governing the issue.

¶11.    In essence, Dr. Mohamed argues that Wallace falsely represented to the court that he was Gilkey's husband. The Court of Appeals, looking at the same evidence reviewed by the chancellor, concluded that there was "insufficient evidence to support the chancery court's implicit finding that Wallace was not Gilkey's legitimate spouse." We disagree. Presented with the documents and deposition testimony, the chancellor was well within his discretion

---

[5] *Moreland*, 537 So. 2d at 1343 (citing *Stribling*, 37 So. 2d at 761) (emphasis added).

[6] *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994).

4

to conclude that Wallace was not Gilkey's husband at the time of her death, and therefore not statutorily entitled to appointment.

¶12. The Court of Appeals, after citing **Estate of Erwin v. Hodges**[7] for the proposition that a marriage raises the presumption that any prior marriage ended in divorce, quoted the following language from that case:

> The practical course of proof in such a case would be to show where each party to the prior marriage had resided up to the time of the second marriage, and then to procure from the clerk of the proper court in each county a certificate of search showing that no divorce or annulment had been granted by the court of which he is clerk.[8]

¶13. The Court of Appeals concluded that Dr. Mohamed had failed to rebut the presumption because he had not produced a certificate of "no divorce" from the clerk of the court for every county in which Wallace and Magee had resided. But **Hodges** says no more than that production of the "no divorce" certificates is the "practical course," and we decline to extend **Hodges** so far as to require the certificates.

¶14. It is the role of the trial judge to consider the evidence and draw reasonable conclusions therefrom. Wallace cites no case in which we have held that a trial judge was manifestly wrong or clearly in error solely for determining the factual presumption discussed in **Hodges** had been rebutted.

¶15. We cannot conclude that the chancellor's factual findings were "clearly erroneous" or "manifestly wrong." Indeed, the weight of the evidence in the record before us indicates that Cynthia Wallace had *not* divorced Magee when she purportedly married Louis Wallace.

---

[7] **Erwin v. Hodges (In re Erwin's Estate)**, 317 So. 2d 55, 57 (Miss. 1975).

[8] **Id.**

5

Considering the testimonies of Wallace's mother and daughter, and Gilkey's petition for a divorce from Magee filed *after* her marriage to Wallace, the chancellor was not clearly erroneous in finding that Dr. Mohamed had rebutted the presumption that Wallace and Magee had divorced. So Wallace was not statutorily entitled to appointment, and nothing in the record indicates that the chancellor abused his "wide discretion" in replacing him.

**CONCLUSION**

¶16. The chancellor did not abuse his discretion in removing Wallace as administrator of the estate. So we reverse the decision of the Court of Appeals and reinstate the ruling of the chancery court.

¶17. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS REINSTATED AND AFFIRMED**.

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION**.