# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00132-SCT

*IN THE ESTATE OF CYNTHIA WALLACE, DECEASED, PERSONAL REPRESENTATIVE LOUIS M. WALLACE*

*v.*

*EMAD H. MOHAMED, M.D., BRISTOL MYERS SQUIBB COMPANY AND SANOFI SYNTHELABO, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2008 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHIRLEY C. BYERS |
| ATTORNEYS FOR APPELLEES: | DIANE V. PRADAT |
| | L. CARL HAGWOOD |
| | WALTER T. JOHNSON |
| | JOSEPH GEORGE BALADI |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 08/25/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. Louis Wallace filed a suit in the Circuit Court of Lowndes County, Mississippi, styled *Louis Wallace, Personal Representative of the Estate of Cynthia Wallace v. Dr. Emad Mohamed*, alleging wrongful death as the cause of action. After discovering evidence that Louis was never legally married to Cynthia, Mohamed moved to intervene in the estate proceedings in the Chancery Court of Lowndes County, Mississippi. The chancellor allowed

the intervention, considered the evidence, and removed Wallace as the administrator, and in his stead, appointed the Chancery Clerk of Lowndes County. Subsequently, Mohamed moved to dismiss the wrongful death action, claiming Wallace lacked standing to bring the suit on behalf of the estate. The circuit court granted the motion and dismissed the wrongful death action "since Plaintiff lacked standing to commence the suit," and "the Plaintiff lack[ed] standing as a wrongful death beneficiary and there being rightful beneficiaries available to commence a new suit."

¶2. Subsequently, Wallace appealed the chancery court's decision to allow Mohamed to intervene in the estate proceedings, as well as the decision to remove Wallace as estate administrator. The Mississippi Court of Appeals reversed both chancery court rulings and remanded the case with instructions to reinstate Wallace as the estate administrator. *See Estate of Wallace ex rel. Wallace v. Mohamed*, __ So. 3d __, 2010 WL 702971 (Miss. Ct. App. Mar. 2, 2010).

¶3. Wallace then appealed the circuit court's judgment, which had granted Mohamed's motion to dismiss the wrongful death suit. The Court of Appeals, relying on its decision in the chancery court appeal, reversed the circuit court and held that Wallace had standing to file a wrongful death action on behalf of the estate. *See Estate of Wallace v. Mohamed*, __ So. 3d __, 2010 WL 3467137 (Miss. Ct. App. Sept. 7, 2010).

¶4. Mohamed first filed a petition for writ of certiorari from the decision of the Court of Appeals reinstating Wallace as the estate administrator, which this Court granted. *See Wallace v. Mohamed*, 49 So. 3d 106 (Miss. 2010). This Court reversed the Court of Appeals and reinstated the decision of the chancellor, finding that the chancellor did not abuse his

discretion in removing Wallace as the estate administrator. *See Estate of Wallace ex rel. Wallace v. Mohamed*, __ So. 3d __, 2011 WL 539063 (Miss. Feb. 17, 2011) ("*Wallace I*"). Mohamed now appeals the decision of the Court of Appeals that reversed the circuit court's dismissal of the wrongful death suit.

**ANALYSIS**

¶5.     Mohamed argues that Wallace lacked standing to bring the wrongful death action. Mississippi Code Section 91-7-233 states, in pertinent part, that "administrators . . . may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted." Miss. Code Ann. § 91-7-233 (Rev. 2004).   Also, Mississippi Code Section 11-7-13 states that an action for damages in a wrongful death suit may be brought "in the name of the personal representative of the deceased person . . . ." Miss. Code Ann. § 11-7-13 (Rev. 2004).

¶6.     "[S]tanding is to be determined as of the commencement of suit." *Delta Health Group, Inc. v. Estate of Pope ex rel. Payne*, 995 So. 2d 123, 126 (Miss. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571, 112 S. Ct. 2130, 2142, 119 L. Ed. 2d 351, 371 (1992)). Consistent with our prior holdings, Wallace was the administrator of the estate at its commencement.  When he was removed, the chancery court was not asked to vacate his actions prior to removal or to enter a *nunc pro tunc* order[1] appointing the new administrator. The new administrator was appointed in the same order. Thus an estate with a court-appointed administrator existed at all relevant times.

---

[1]Plaintiff's counsel argued this at the hearing on defendant's Motion to Dismiss.

¶7. The circuit court correctly dismissed Wallace from the circuit court action, for he was neither a personal representative of the estate nor a wrongful death beneficiary. (As requested by the defendants in their Motion for Partial Summary Judgment noticed but not heard on the same date as the Motion to Dismiss). However, the trial court erred in dismissing the wrongful death action brought by the estate and on behalf of the wrongful death claimants who were seeking a trial date at the same hearing.[2]

¶8. As stated in the Court of Appeals opinion in this case, "according to Dr. Mohamad, Wallace is not entitled to recover for [Cynthia Wallace] Gilkey's death, and he is not [her] estate's representative." Based on its prior opinion, the Court of Appeals rejected this proposition and remanded to the circuit court for further proceedings, holding that Wallace was wrongfully removed as the administrator. Our reversal of *Estate of Wallace ex rel. Wallace v. Mohamed*, __ So. 3d __, 2010 WL 702971 (Miss. Ct. App. Mar. 2, 2010), affirming the decision of the chancellor, validates Mohamed's argument. Wallace is not entitled to recover for Cynthia Wallace's death, and Wallace is not the estate's representative. Our decision in *Wallace I* dictates the case shall proceed, albeit without Mr. Wallace. We conclude the circuit court erred in dismissing the case, but find no error in dismissing Wallace.

**CONCLUSION**

---

[2]Counsel for the plaintiff stated at the hearing "we should be allowed to substitute the new representative of the estate, which is the chancery clerk," but neither moved *ore tenus*, nor filed a motion to do so.

¶9. We vacate the decision of the Court of Appeals and reverse the circuit court's decision to dismiss the wrongful death suit. Accordingly, we remand this case to the Circuit Court of Lowndes County for proceedings consistent with this opinion.

¶10. **REVERSED AND REMANDED**.

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**