# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-01099-SCT

*DR. ENIOLA OTUSESO*

*v.*

*THE ESTATE OF DELORES MASON, HELEN FRANCINE McNEAL, ERMA MASON, AND JAMES MASON*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/2021 |
| TRIAL JUDGE: | HON. WILLIE JAMES PERKINS, SR. |
| TRIAL COURT ATTORNEYS: | JA'NEKIA WA'LEXIAS MONIQUE BARTON |
| | ELLIS TURNAGE |
| | JACOB O. MALATESTA |
| | THURMAN LAVELLE BOYKIN, III |
| | WHITNEY JUSTINAE JACKSON |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL EARL PHILLIPS |
| | JACOB O. MALATESTA |
| ATTORNEYS FOR APPELLEES: | DAVID D. O'DONNELL |
| | ELLIS TURNAGE |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED AND REMANDED - 04/06/2023 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2022-CA-00087-SCT

*DR. ENIOLA OTUSESO*

*v.*

*THE ESTATE OF DELORES MASON, HELEN FRANCINE McNEAL, ERMA MASON, AND JAMES MASON*

DATE OF JUDGMENT:                 09/09/2021
TRIAL JUDGE:                      HON. WILLIE JAMES PERKINS, SR.
COURT FROM WHICH APPEALED:        COAHOMA COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:          MICHAEL EARL PHILLIPS
                                  JACOB O. MALATESTA
ATTORNEYS FOR APPELLEES:          DAVID D. O'DONNELL
                                  ELLIS TURNAGE

NATURE OF THE CASE:               CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                      DISMISSED AS MOOT - 04/06/2023
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Helen McNeal, who had been appointed administratrix of Delores Mason's estate, brought a wrongful death claim against a physician, Dr. Eniola Otuseso. Upon learning that Helen McNeal did not satisfy the qualifications to serve as an administratrix, Dr. Otuseso moved to intervene in the estate matter and to strike the letters of administration. The chancellor denied her motion. But the chancellor, upon learning that Helen McNeal was not related to the decedent and that she was a convicted felon, removed Helen McNeal as administratrix and appointed the decedent's two siblings, who were Delores Mason's heirs at law, as coadministrators of the estate.

¶2.     Dr. Otuseso appeals the chancellor's decision to deny her motion to intervene and the decision to replace the administratrix, Helen McNeal, with the decedent's actual heirs at law. Dr. Otuseso argues that she had a right to intervene in the estate matter and that the chancellor was without authority to substitute the decedent's heirs as the new administrators.

2

¶3.     We affirm the chancellor's decision to substitute and appoint the decedent's siblings and heirs, Erma Mason and James Mason, as the coadministrators of Delores Mason's estate. Because Dr. Otuseso sought to intervene in the estate matter to challenge Helen McNeal's qualifications as admininstratrix, we find that the question of intervention is moot as it no longer is at issue, due to the chancellor's rightful removal of the unqualified administratrix and his appointment of successor coadministrators.

## STATEMENT OF THE FACTS

¶4.     In November 2015, Delores Mason, a resident of Clarksdale in Coahoma County, Mississippi, sought treatment for a skin condition from several physicians, including Dr. Otuseso. Despite treatment, her condition worsened, and she died on November 28, 2015.

¶5.     On November 3, 2017, Helen McNeal, claiming to be the daughter of Delores Mason, filed a Petition for Grant of Letters of Administration in the Chancery Court of Coahoma County. In addition to claiming to be the daughter of the decedent, Helen McNeal averred that she was more than twenty-one years old, that she was the decedent's sole heir, and that she had not been convicted of a felony. She filed also a Petition for Authority to Prosecute Suit and to Employ Attorneys, seeking permission to file a wrongful death action and to employ the Turnage Law Office to represent her and the estate in the matter.

¶6.     Before the chancellor had ruled on her motions, on January 23, 2018, Helen McNeal filed a medical negligence and wrongful death action against Dr. Otuseso and several other defendants[1] in the Circuit Court of Coahoma County.

---

[1] In the same complaint, McNeal also sued Dr. Joseph Terricina, Clarksdale Regional Medical Center, Inc., Dr. Jaiyeola Adeleye, Dr. Karanpreet Bains, Dr. Sheon Mendoza,

3

¶7.    On May 11, 2018, the chancellor entered an order granting letters of administration to Helen McNeal and appointing her as administratrix of Delores Mason's estate.[2] The chancellor also authorized Helen McNeal, as administratrix, to file a wrongful death suit on behalf of the estate, and he approved the hiring of the Turnage Law Office.

¶8.    After being appointed administratrix, Helen McNeal filed a Petition for Determination of Heirs at Law and Wrongful Death Beneficiaries on August 8, 2018. Falsely, she claimed to be the sole wrongful death beneficiary. On August 29, 2018, she responded to discovery requests from Dr. Otuseso in the wrongful death action. Responding to one of the doctor's interrogatories about the identities of wrongful death beneficiaries, Helen McNeal said that she was the only beneficiary. Also, Dr. Otuseso had requested that McNeal produce copies of all the chancery court documents, resulting in McNeal's providing Dr. Otuseso all the documents that had been filed at that time.

¶9.    As part of her duties as administratrix, Helen McNeal summoned all unknown beneficiaries by publication. On September 14, 2018, a hearing for determination of heirs was conducted. At this hearing, Erma Mason and James Mason appeared, claiming to be the sister and brother of Delores Mason and the rightful heirs of her estate. After the hearing, the chancellor determined the Masons indeed were the decedent's siblings, and he ruled that

---

Unknown John Does and Jane Does 1-10, and Unknown Entities A-G. Dr. Otuseso represents that these other defendants no longer are parties to the wrongful death action.

[2]The order stated erroneously that Delores Mason's residence was Shelby County, Tennessee.

Erma Mason and James Mason were the decedent's heirs at law.[3] The chancellor's order did not make any findings or references to Helen McNeal, other than that she had petitioned the trial court to be the administratrix.

¶10.    On April 6, 2021, in response to an email from an attorney representing one of the wrongful death defendants, Attorney Ellis Turnage sent a letter informing the wrongful death defendants that the chancellor had determined the heirs at law and wrongful death beneficiaries to be Erma Mason and James Mason. The letter went on to say that Turnage would contact the Masons to schedule a time for their depositions. On May 19, 2021, Turnage emailed the defense attorneys in the circuit court action, informing them that he had located the Masons and that he would make them available for depositions in June or July of 2021.

¶11.    Both Erma Mason and James Mason were deposed on June 10, 2021. James Mason testified that Helen McNeal had begun living with Delores Mason when she was really young. According to James Mason, Helen McNeal was neither the natural daughter nor the adopted daughter of Delores Mason. Erma Mason testified that Helen McNeal shared a blood relation with her, which was that they were cousins. She opined that Helen McNeal was "not a first cousin, but somewhere down the road"; however, she could not tell "how far it goes back." But James Mason testified that there was no blood relationship between his family and Helen McNeal, despite her being regarded by some as their cousin.

---

[3]The order states that it was signed on September 4, 2018, but it was not filed by the chancery clerk until October 8, 2018. It should be noted also that the order references Delores Mason's place of residence as Shelby County, Tennessee, which was wrong.

5

¶12. After the depositions of Erma Mason and James Mason, counsel for Dr. Otuseso began to investigate the qualifications of Helen McNeal as administratrix of the estate. As a result of that investigation, it was determined that Helen McNeal had been convicted of a felony, which disqualified her as administratrix under Mississippi Code Section 91-7-65 (Rev. 2021).

¶13. On June 21, 2021, Dr. Otuseso filed a Motion to Intervene and Strike Letters of Administration in chancery court in the estate case. In her motion, Dr. Otuseso argued that

> Ms. McNeal was not qualified to be, and therefore could never have been, the administrator of Ms. Mason's estate. In addition, this court has held that Ms. Mason had a fixed place of residence in Shelby County, Tennessee. Thus, this court has no jurisdiction to open the estate or appoint any person an administrator of the estate of Ms. Delores Mason. Thus, the granting of the letters of administration was void *ab initio*.

Dr. Otuseso's motion did not specify whether she was proceeding under intervention of right or permissive intervention.[4]

¶14. In response, Helen McNeal acknowledged that Erma Mason and James Mason were the real parties in interest and should be substituted in her stead in the estate and in the wrongful death action. She argued also that any finding that Delores Mason's residence was in Shelby County, Tennessee, was the result of a scrivener's error. On June 29, 2021, Helen McNeal filed a memorandum in support of her response, admitting that she had made false statements claiming that she was the sole heir of the estate and also saying falsely that she had not been convicted of a felony.

---

[4]Rule 24 of the Mississippi Rules of Civil Procedure controls when a party can intervene.

6

¶15. On September 8, 2021, a hearing was held regarding the matter. At the hearing, Dr. Otuseso argued that three relevant questions were before the trial court:

> The first is whether or not we can intervene in this estate matter. The second is whether or not there is proper jurisdiction or was or still is proper jurisdiction over the estate for this particular court. And the third is whether there is a proper—whether the estate can continue with the substitution of a administrator or whether the administrator was void *ab initio*.

In regard to her jurisdiction argument, Dr. Otuseso, later in the hearing, acknowledged that "given the facts and circumstances that have been presented by [Helen McNeal], it appears very clear that at the time of her death Ms. Mason was a resident of Coahoma County, and as a result, this court would have jurisdiction."

¶16. During the hearing, Attorney Turnage argued that, McNeal's fraud notwithstanding, Erma Mason and James Mason were, in fact, the true heirs at law and wrongful death beneficiaries and that they should be substituted as parties "whether it's done under Rule 25 [of the Mississippi Rules of Civil Procedure] or under the wrongful death statute."[5] Dr. Otuseso disagreed with the substitution of Erma Mason and James Mason because neither had moved to be substituted as administrator of the estate, nor was there a "procedural vehicle for that." She argued that "[t]he administrator of the estate may be removed and replaced when they become disqualified. Ms. McNeal never became disqualified. She was always disqualified."

---

[5]Additionally, Lawyer Turnage argued that if the chancellor agreed, "the [c]ourt should give [him] some time to substitute [E]rma Mason and James Mason[.]"

7

¶17.   When asked by the chancellor why it took her so long to file the petition to intervene, Dr. Otuseso answered that she did not fully understand Helen McNeal's untruthfulness until after the depositions of Erma Mason and James Mason.

¶18.   After hearing all arguments, the chancellor determined that Dr. Otuseso's motion to intervene was untimely. Even though he denied Dr. Otuseso's motion, the chancellor did remove Helen McNeal as administratrix, and he replaced her with the actual heirs, the decedent's two siblings.

¶19.   On September 29, 2021, Dr. Otuseso filed a petition for interlocutory appeal with this Court, challenging (1) the chancellor's denial of her motion to intervene, (2) the chancellor's decision not to declare the letters of administration void *ab initio*, and (3) the chancellor's decision to substitute Erma Mason and James Mason as coadministrators of Delores Mason's estate. This Court found that the trial court's denial of Dr. Otuseso's motion to intervene was a final, appealable judgment and converted this matter to a direct appeal. Order, ***Otuseso v. Est. of Mason***, No. 2021-IA-01099-SCT (Miss. Feb. 1, 2022). This Court also granted interlocutory appeal on Dr. Otuseso's remaining issues and consolidated the interlocutory appeal as to those issues with the direct appeal. ***Id.***

¶20.   On appeal, Dr. Otuseso argues that she should have been allowed to intervene either as of right or permissively. She asserts that "[t]here was no dispute that [she] had an interest in striking Ms. McNeal's letters of administration as void *ab initio*, that the striking of those letters would affect Dr. Otuseso's rights in the wrongful death matter, and that there was no one in the estate matter who was representing Dr. Otuseso's interests." She asserts also that

the chancellor erred by substituting Erma Mason and James Mason when neither had "moved to be appointed, [had] never entered an appearance in the estate, and [had] never entered an appearance in the wrongful death case."

¶21. The estate argues that Dr. Otuseso did not show that she had a legitimate interest in the estate. They argue also that even if we assume Dr. Otuseso "met her burden to show an entitlement to intervene under Rule 24, Otuseso was not entitled to the relief she sought." They assert that removing an unqualified administrator is voidable, not void *ab initio*[,] and as such, the chancellor "has the 'wide discretion' to remove the administrator (or administratrix) and appoint an appropriate replacement."

## **DISCUSSION**

¶22. Neither party disputes that Helen McNeal was not qualified to serve as administratrix of the estate.[6] Dr. Otuseso argues that it was error for the chancellor to substitute Erma Mason and James Mason after removing Helen McNeal because the chancellor lacked the authority to replace an administrator "who could have never been appointed."[7] In response, the estate argues that a chancellor has the authority to manage the selection of the estate's administrator.

---

[6]Mississippi Code Section 91-7-65 provides that "[l]etters of administration shall not be granted to a person under the age of eighteen (18) years, of unsound mind, or *convicted of any felony*." Miss. Code Ann. § 91-7-65 (Rev. 2021) (emphasis added).

[7]Specifically, Dr. Otuseso asserts that there is no "statutory provision or rule based vehicle that allows for the 'replacement' of the administrator." She asserts that Mississippi Rule of Civil Procedure 25, which allows for substitution of parties, and Mississippi Code Section 91-7-85 (Rev. 2021), which allows an administrator to be removed if he or she becomes disqualified, are not applicable here.

9

¶23. This Court has held that "[a] chancellor has a large discretion in the selection of the person to be appointed administrator of an estate except in cases made mandatory by the statute." *Est. of Wallace ex rel. Wallace v. Mohamed*, 55 So. 3d 1057, 1059 (Miss. 2011) (internal quotation marks omitted) (quoting *Moore v. Roecker*, 239 Miss. 606, 124 So. 2d 473, 474 (1960)). We have held also that the chancellor has wide discretion in the "revocation of administrators, within the limits of the law." *Moreland v. Moreland (In re Est. of Moreland)*, 537 So. 2d 1337, 1343 (Miss. 1989) (citing *Stribling v. Washington*, 204 Miss. 529, 37 So. 2d 759, 761 (1948)). Here, the chancellor, in the exercise of his discretion, appointed Erma Mason and James Mason as coadministrators upon learning of Helen McNeal's flawed qualifications. "[W]e do not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous." *Est. of Wallace*, 55 So. 3d at 1059 (internal quotation marks omitted) (quoting *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994)). Also, the real wrongful death beneficiaries, Erma Mason and James Mason, would suffer insurmountable prejudice if the chancellor lacked the authority to appoint successor administrators after an unqualified administratrix had been discovered, even if that discovery is made after the estate proceedings are underway. And here, the unqualified administratrix had falsely maintained that she was the decedent's sole heir. Under the facts of this case and considering the wide discretion afforded chancellors, this chancellor did not err by replacing Helen McNeal with the actual heirs at law, Erma Mason and James Mason.

¶24. "Because we conclude that the chancellor did not abuse his discretion in removing [Helen McNeal] as administrator, and since [Dr. Otuseso's] intervention was for the limited

purpose of challenging [Helen McNeal's] suitability as administrator, the intervention issue is moot and we decline to address it." ***Est. of Wallace***, 55 So. 3d at 1058-59.

## CONCLUSION

¶25. The chancellor had authority to replace Helen McNeal with Erma Mason and James Mason as her successors. Therefore, the chancellor did not err, and we affirm his appointment of Erma Mason and James Mason as coadministrators of the Estate of Delores Mason. The intervention issue is moot because the chancellor's appointment of Erma Mason and James Mason is dispositive regarding the challenge to Helen McNeal's qualification to be administratrix.

¶26.    **AS TO NO. 2021-IA-01099-SCT: AFFIRMED AND REMANDED. AS TO NO. 2022-CA-00087-SCT: DISMISSED AS MOOT.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**